# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5172**                              **September Term, 2024**

**1:25-cv-01162-RDM**

**Filed On:** August 27, 2025

Joe Alter,

        Appellant

        v.

United States Department of Government
Efficiency, (DOGE) and Elon Musk, In his
individual and de facto agency-head capacity,

        Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Pillard, and Rao, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the notices of appeal, which contain requests for initial hearing en banc, it is

**ORDERED** that the requests for initial hearing en banc be denied. See Fed. R. App. P. 40(g). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed May 3, 2025 and May 6, 2025 be affirmed. The district court correctly concluded that appellant failed to allege particularized harms sufficient to establish Article III standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). The Article III standing requirement is distinct from the "zone of interests" test that appellant raises in his brief. See Citizens for Const. Integrity v. Census Bureau, 115 F.4th 618, 627-28 (D.C. Cir. 2024). In addition, appellant has not demonstrated that the district court abused its discretion in denying his motion for reconsideration under Federal Rule of Civil Procedure 59(e). See Messina v. Krakower, 439 F.3d 755, 759 (D.C. Cir. 2006) (denials of Federal Rule of Civil Procedure 59(e) motions are reviewed for abuse of discretion).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5172**                    **September Term, 2024**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

## <u>Per Curiam</u>

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk
